**Judith KEELER, for herself and all others similarly situated**

v.

**Carla HILLS, in her official capacity as Secretary of the United States Department of Housing and Urban Development.**

**Gayle F. BURBIDGE, for herself and all others similarly situated**

v.

**Carla HILLS, in her official capacity as Secretary of the United States Department of Housing and Urban Development.**

**No. C74–2152A and C74–2309A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

March 8, 1976.

John R. Myer, Atlanta, Ga., Jane M. Picker, Cleveland, Ohio, Roger L. Goldman, St. Louis, Mo., for plaintiff.

William D. Mallard, Jr., Asst. U.S. Atty., for the Northern District of Georgia, Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

Pursuant to this Court's Order of November 12, 1975, a hearing on the plaintiffs' motion for class action certification under Fed.R.Civ.P. 23(b)(2) was held in Court on November 24, 1975.

The plaintiffs Keeler and Burbidge bring this Title VII sex discrimination suit against the Secretary of the United States Department of Housing and Urban Development alleging sex discrimination in the defendant's hiring and promotional practices at the GS–5 level and above in all HUD Region IV area offices and in the Atlanta Regional Office itself.[1]

Although plaintiff Keeler alleges discrimination against her in the Atlanta Regional Office of HUD and plaintiff Burbidge alleges discrimination in HUD's Atlanta Area Office, they seek to represent a class of all female employees and applicants discriminated against in all the Area Offices and Insuring Offices of the eight states comprising Region IV.

The plaintiffs seek to certify a class under Fed.R.Civ.P. 23(b)(2) which states:

"(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

The requirements of Rule 23(a) having been met, the Court, having read the parties' briefs and heard oral argument, provisionally certifies the class in the instant consolidated actions to consist of all HUD Region IV female employees at the GS–5 level or above who were denied promotion due to alleged sex discrimination.

In so doing, and in not limiting this class to employees of the Atlanta Area and Regional Office only, the Court is impressed by plaintiffs' argument and defendant's exhibits in response to plaintiffs' interrogatories which indicate that responsibility for policy regarding personnel action and equal employment opportunity in the eight Region IV area offices appears to rest in large part with the Atlanta Regional Office.

The discrimination allegedly suffered by plaintiffs is allegedly due to HUD's "aver-

---

1. Region IV, U. S. Department of Housing and Urban Development, is composed of the Atlanta Regional Office and its eight Area Offices located in Jacksonville, Florida; Knoxville, Tennessee; Louisville, Kentucky; Jackson, Mississippi; Atlanta, Georgia; Birmingham, Alabama; Greensboro, North Carolina; and Columbia, South Carolina, and its four Insuring Offices located in Coral Gables, Florida; Tampa, Florida (which has a servicing office located in Orlando, Florida); Memphis, Tennessee; and Nashville, Tennessee.

age grade point" policy and merit staffing procedures which are region-wide in scope. Therefore, the scope of this provisional class certification is appropriately region-wide.

SO ORDERED, this 8 day of March, 1976.